1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN GREENBERG,** | ) | **Case No. EDCV 03-868 AJW** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | **ORDER GRANTING  PETITION** |
| **COMMISSIONER OF SOCIAL** | ) | **FOR ATTORNEYS' FEES** |
| **SECURITY ADMINISTRATION,** | ) | 42 U.S.C. § 406(b) |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff's counsel Bill LaTour ("petitioner") has filed a petition for attorneys' fees under 42 U.S.C. § 406(b) (the "Petition"[1]). Defendant withheld the sum of  $17,975.50, representing 25% of plaintiff's past-due social security disability insurance benefits award, for the payment of attorneys' fees. Plaintiff previously was awarded the sum of $2,260 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d), and he assigned that award to petitioner. [Petition 4; Declaration of Bill LaTour ("LaTour Decl.")(attached to Petition), Ex. 1]. In addition, petitioner already has received $5,300.00 in attorneys' fees under 42 U.S.C. § 406(a) for representing plaintiff before the Commissioner.  [Petition 4 & LaTour Decl., Ex. 10].  Accordingly, petitioner seeks a net fee award under section 406(b) of

---

[1]     Citations to pages in the Petition refer to pages of the supporting memorandum of points and authorities,  rather than to the notice of motion.

1    $10,415.50. [Petition 4].

2        Defendant filed a response to the petition discussing the principles for determining a "reasonable"

3    attorney's fee, but because she is not a party to the fee agreement between plaintiff and petitioner, she has

4    not taken a position supporting or opposing the fee petition.  Nonetheless, defendant suggests that the court

5    consider whether the fee sought by petitioner amounts to a windfall. [Response 2-8].

6                                              **Proceedings**

7        Plaintiff retained petitioner to represent him in this action for review of the Commissioner's decision

8    denying his application for social security disability insurance benefits, and he agreed to pay petitioner an

9    amount equal to twenty-five percent of any past-due benefits that were awarded if he prevailed in this case.

10   Plaintiff also assigned to petitioner any court-awarded EAJA fees, with the proviso that the EAJA fees might

11   reduce or even eliminate the amount that he would be obligated to pay from his past-due benefits.[2] [Petition

12   4-5; LaTour Decl., Ex. 1].

13       On February 27, 2004, a stipulated judgment was entered reversing and remanding this case to

14   defendant for further administrative proceedings.   On remand, plaintiff was awarded social security

15   disability insurance benefits, including past-due benefits in the amount of $71,902.  [Petition 4; LaTour

16   Decl., Ex. 5].  The Commissioner withheld 25% of that amount, or $17,795.50, for the payment of attorneys'

17   fees.[LaTour Decl., Ex. 5].  As noted above, petitioner received $5,300 from the withheld amount pursuant

18   to 42 U.S.C. § 406(a) as attorneys' fees for representing plaintiff at the administrative level. [Petition 4-5];

19   see 42 U.S.C. § 406(a)&(b)(fees for representation before the Commissioner and in federal court); 20 C.F.R.

20   § 404.1730 (payment of fees allowed by a court or by the Commissioner).  In addition, plaintiff assigned

21   petitioner his EAJA fee award of $2,260. [LaTour Decl., Ex. 1]. Petitioner has deducted both of those sums

22

23   ─────────────────

24       [2]     In general, where attorneys' fees are awarded under both the EAJA and section 406(b), the
     attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535

25   U.S.789, 789 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA
     with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring

26   the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the
     claimant receives 100% of the past-due benefits).  Plaintiff's assignment of his EAJA fees to petitioner

27   means that the amount of plaintiff's prior EAJA award must be deducted from the amount of § 406(b)
     fees otherwise payable to petitioner.

28

                                                  2

from the $17,795.50 withheld from plaintiff's past-due benefits to arrive at his net fee request under section 406(b) of $10,415.50.

### Discussion

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "*the primary means by which fees are set*" for the successful representation of social security disability claimants in court. Gisbrecht, 535 U.S. at 807 (emphasis added); see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b).... As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for reasonableness.")(internal citations omitted). Gisbrecht provided some examples of instances in which a downward adjustment of the agreed contingent fee might be in order. Gisbrecht,

535 U.S. at 807-808.  The Court left to the district courts, however, the task of how best to determine whether enforcement of a contingent fee agreement is reasonable in a particular case.  See Gisbrecht, 535 U.S. at 808 ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review."); see also Ellick v. Barnhart, 445 F.Supp.2d 1166, 1168-72 (C.D. Cal. 2006)(surveying all reported decisions to date applying Gisbrecht and noting a lack of uniformity in the district courts' approach to the reasonableness inquiry under  Gisbrecht).

In this case, plaintiff executed a written contingent fee agreement retaining petitioner to represent him in this action for judicial review of the Commissioner's decision denying benefits and agreeing to pay petitioner a contingent fee in an amount equal to 25% of any past-due benefits award obtained. [See LaTour Decl., Ex. 1].  Under Gisbrecht, the court examines plaintiff's contingent fee agreement with petitioner only to assure that the enforcement of that agreement is reasonable.  See Thomas v. Barnhart, 412 F.Supp.2d 1240, 1244 (M.D. Ala. 2005) (observing that "the hurdle Gisbrecht erects for the claimant's attorney is rather low, and a change to the [fee] agreement is warranted at least, and perhaps at most, when justice requires").  The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits award and the time expended, any undue delay attributable to counsel that caused an accumulation of back benefits, and whether the requested fee award would constitute a "windfall" to the attorney.  See Gisbrecht, 535 U.S. at 808; Mudd, 418 F.3d at 428; see, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-Gisbrecht where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments that "were not susceptible to clear and straightforward forms of proof, and some of which involved lengthy and complicated medical histories"; (3) "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants"; (4)  the value of the benefits award to the plaintiff was "substantially more than the past-due benefits on which the fee is based" because the plaintiff also received ongoing disability benefits; (5) counsel devoted "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the ALJ's determination at step five was central

to the court's decision to remand the case to the Commissioner") (citations omitted).

In this case, several factors weigh in favor of granting petitioner's fee request. First, petitioner obtained a favorable result for his client in the form of a stipulated remand for further administrative proceedings, which in turn led to a sizeable award of past-due benefits as well as ongoing disability insurance benefits. [LaTour Decl., Exs. 4 & 5].

Second, petitioner's net fee request under section 406(b) fee does not exceed the maximum 25% contingent fee authorized by law and by petitioner's contingent fee agreement with plaintiff. [Petition 4-5; LaTour Decl., Ex. 1].

Third, this case carried with it the risk of loss inherent in social security disability contingent-fee cases. If petitioner had not succeeded in obtaining a decision in his client's favor, he would have recovered no fee. See Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1173-74 (D.N.M. 2005)(noting that "a report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits," and that Congress enacted section 406(b) to curtail "abusive practices of a few attorneys who charged successful claimants anywhere from one-third to one-half of the accrued benefits awarded" but "Congress also sought 'to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees'")(quoting Gisbrecht, 535 U.S. at 804-805).

Fourth, there is no evidence in the record, nor any suggestion by defendant, that petitioner unduly delayed the resolution of this case or engaged in any overreaching. To the contrary, petitioner assisted his client in obtaining a remand with a minimum of delay.

Fifth, petitioner spent relatively few hours (12.50 hours of attorney time and 4.45 hours of paralegal time) litigating this case to a successful resolution in district court, a figure that is within the norm for social security disability cases. See Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases); see also Coppett v. Barnhart, 242 F.Supp.2d 1380, 1384-85 (S.D. Ga. 2002) (concluding that "an experienced attorney 'should not be penalized for his efficiency by basing his reimbursement on a lower hourly rate'")(quoting Lacatena v. Secretary of Health & Human Services, 785 F.Supp. 319, 322 (N.D.N.Y.1992)).

While these factors support the reasonableness of enforcing the contingent fee agreement, one factor

arguably does not: the high ratio between the amount of plaintiff's past-due benefits award and the hours expended by petitioner.  Although petitioner works on a contingent fee basis only, he contends that the comparable market rate for his services is about $360 per hour and for his paralegal's services is about $128 per hour.  That translates to an hourly market rate for petitioner that is approximately 2.81 times that of his paralegal.  Granting petitioner's contingent fee request would result in a de facto hourly rate of about $1,263.57 for petitioner and $ 449.67 for his paralegal.[3]

In Gisbrecht, the Supreme Court cautioned that where "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." Gisbrecht, 535 U.S. at 808 (citing Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990) and Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) (en banc)).  Nonetheless,  district courts evaluating  the  whether an agreed contingent fee is reasonable under Gisbrecht "generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Hearn, 262 F. Supp. 2d at 1037-38 (collecting post-Gisbrecht section 406(b) cases awarding de facto hourly rates ranging from a low of about $188 to a high of about $695, and approving a contingent fee that amounted to a de facto hourly rate of about $450); see also Mudd, 418 F.3d at 428-429 (affirming

---

[3]    The relevant algebraic equation is $12.5(2.81x) + 4.45x = 17,795.50$.  Using a different methodology, defendant contends that petitioner would receive a de facto hourly rate of $1,346.90.  Although drawn in part from petitioner's own economic analysis, defendant's  methodology is rejected because it results in a greater contingent fee enhancement multiplier being applied to petitioner's services than to those of his paralegal.  This  inconsistency yields a disproportionately large de facto hourly rate for petitioner.

Defendant begins by applying a contingent fee multiplier of 2 to petitioner's paralegal's assumed market hourly rate to arrive at total paralegal's fees of $1,139.20 [($128/hr x 2) x 4.45 hrs].  (The market hourly rate is assumed because petitioner and his paralegal represent clients exclusively on a contingent fee basis.)  Defendant then allocates the remainder of the requested 406(b) fees, or $16,656.30 [$17,795.50 less $1,139.20] to petitioner's services.  This produces a de facto hourly rate for petitioner of $1,346.90 [$16,656.30/12.5].  Using that formula, however, results in petitioner's hypothetical market hourly rate being enhanced by a contingent fee multiplier of about 3.74 [$1,346.90/$360] while petitioner's paralegal's hypothetical hourly rate was enhanced only by a multiplier of 2.  There is no reasoned basis for applying a different contingent fee multiplier to these two components of the requested fee because the risk of non-payment for petitioner's paralegal's services in a contingent fee matter handled by petitioner is the same as the risk of non-payment for petitioner's services.  The court's methodology amounts to applying a contingent fee multiplier of about 3.51 to both petitioner's assumed hourly rate and that of his paralegal.

a § 406(b) fee award of 25% of the claimant's past-due benefits that produced a de facto hourly rate of about $737).  As the court explained in Hearn,

> any reliance on a non-contingent rate without taking into account the contingent nature of this 42 U.S.C. § 406(b) fee could undercompensate [the plaintiff's counsel].  As Gisbrecht makes clear, § 406(b) fees are, by law, contingent fees....  Petitioner agreed to a contingency fee arrangement in which he assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful.

Hearn, 262 F.Supp.2d at 1037.

At least two district courts have declined to award contingent fees that would amount more than $1,000 per hour for attorney time, although the award by one of those courts closely approached that benchmark.  See Hodges-Williams v. Barnhart, 2005 WL 3344732, *5 (N.D. Ill. 2005)(holding that a contingent fee of $26,699.75 for 26.50 hours was not reasonable and awarding fees of $350 per hour based on the court's experience deciding fee applications); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-773 (W.D. Va. 2003) (holding that a § 406(b) contingent fee that amounted to an hourly rate of $1,407 constituted an impermissible windfall, but approving a fee amounting to a de facto rate of $977 per hour in view of the results obtained, the contingent nature of the fee, counsel's experience, and the fact that "counsel spent significant time before the agency that cannot be compensated in this forum"); see also Ellick, 445 F.Supp.2d at 1172-73 (declining to grant § 406(b) fees that yielded an hourly rate of $933.39 for attorney's services where that translated to 4.24 times the attorney's non-contingent hourly rate). Another district court awarded a contingent fee that translates to a higher hourly rate for attorney time than that sought here. See Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D.W.Va. 2003) (approving a contingency fee agreement that yielded a de facto rate of $1,433 per hour, and rejecting as inconsistent with Gisbrecht the argument that the court should determine a reasonable hourly rate and multiply it by the number of hours spent).

In this case, petitioner disclosed to plaintiff the possibility that his fee could translate into a very high hourly rate.  In his fee agreement with petitioner, plaintiff acknowledged that

> I understand that the total fee could amount to several thousand dollars or several hundred

dollars per hour on an hourly basis; I understand that my attorney is accepting my case because of the possibility of obtaining substantial fees.  I agree to cooperate in any way that I can so that my attorney's full fee is authorized.

[LaTour Decl., Ex. 1].  That disclosure and acknowledgment support the reasonableness of enforcing the terms of the contingent fee agreement.

Considering all of the Gisbrecht factors, enforcement of the fee agreement between petitioner and plaintiff is reasonable, and petitioner's section 406(b) fee request should be granted.

**Conclusion**

For the reasons described above, petitioner is awarded attorneys' fees under section 406(b) in the **net amount** of **$10,415.50 (ten thousand, four hundred and fifteen dollars and fifty cents),** reflecting a gross award under section 406(b) of $12,675.50, less an offset for the EAJA fee of two thousand, two hundred sixty ($2,260) petitioner already has received due to plaintiff's assignment of his EAJA fee award.

**IT IS SO ORDERED.**

DATED: January 25, 2007

/ s /

_____
ANDREW J. WISTRICH
United States Magistrate Judge